UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AARON WAYNE MORRIS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-06-0076 |
| § | |
| JOHN E. POTTER, POSTMASTER § | |
| GENERAL, UNITED STATES POSTAL § | |
| SERVICE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. No. 12). For the reasons set forth below, Defendant's motion is **GRANTED**.

### I. Background

Plaintiff Aaron Wayne Morris, an African American male, was hired by the Postal Service on October 4, 2003, as a Part-Time Flexible City Carrier assigned to the Baytown Post Office. He was subject to a 90-day probationary period that was scheduled to end on January 1, 2004. His supervisor was Mike Ramirez.

On October 21, 2003, approximately two-and-a-half weeks after his probationary period began, Plaintiff was involved in a postal vehicle accident while working.

On November 4, 2003, Plaintiff underwent his 30-day probationary evaluation. His dependability and personal conduct were rated satisfactory, while his work quality and work methods were rated unacceptable. Defendant noted on the evaluation form that Plaintiff had been involved in a postal vehicle accident.

Subsequently, on December 3, 2003, Mike Ramirez issued Plaintiff a letter of termination, notifying Plaintiff that his last day of employment would be December 12, 2003. The letter cites Plaintiff's unsatisfactory safety performance as the reason for his termination. (Def.'s Mot. Summ. J. Ex. 10.)

Plaintiff claims that his termination was the result of gender discrimination. Because he was only a probationary employee at the time of his termination, he did not have access to the postal service's internal grievance procedure. Plaintiff therefore filed a claim with the EEOC and exhausted his remedies there. He then filed suit in district court, and Defendant now moves for summary judgment on his gender discrimination claim.

## II. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

## III. *McDonnell Douglas* Standard

"Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin." *Grimes v. Texas Dep't of Mental Health*, 102 F.3d 137, 140 (5th Cir. 1996). Title VII claims are subject to the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

> *McDonnell Douglas* instructs that the plaintiff must first establish a *prima facie* case of [retaliation]. . . . Once the plaintiff presents a *prima facie* case, the defendant must then articulate a legitimate, nondiscriminatory reason for the questioned employment action. . . . If the defendant is able to do so, the burden shifts back to the plaintiff to produce evidence that the defendant's articulated reason is merely a pretext for discrimination.

*Frank v. Xerox Co.*, 347 F.3d 130, 137 (5th Cir. 2003). To establish a *prima facie* case of discrimination, a plaintiff must provide evidence that he "(1) is a member of a protected class; (2) was qualified for [his] position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably." *Okoye v. Univ. of Texas Houston*, 245 F.3d 507, 512-13 (5th Cir. 2001) (internal quotation marks omitted).

Once the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. *McDonnell Douglas*, 411 U.S. at 803.

If the employer meets this burden, the plaintiff must then offer sufficient evidence to create a genuine issue of material fact "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). If the plaintiff demonstrates that the protected factor was a

motivating factor in the employment decision, then the defendant must prove that the same adverse action would have been made regardless of the discriminatory animus. *Id.*

### IV. Analysis

Applying the *McDonnell Douglas* standard to this case, Plaintiff must first prove a *prima facie* case of discrimination. It appears that the parties do not dispute that Plaintiff was a member of a protected class, i.e., male; was qualified for the position; and suffered an adverse employment action. There is a dispute, however, over whether similarly situated individuals outside the protected class were treated more favorably.

In order to show that other individuals were "similarly situated," a plaintiff must show that another employee was given preferential treatment under "nearly identical" circumstances. *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991) (citing *Smith v. Wal-Mart Stores,* 891 F.2d 1177, 1180 (5th Cir. 1990) (per curiam)).

Plaintiff identifies four female comparators whom he alleges were treated more favorably than he was under nearly identical circumstances. All four of these females were postal carriers, some Rural and some City, who were involved in on-the-job postal vehicle collisions and allegedly were not terminated. However, three of these females' collisions occurred after their 90-day probationary period had passed. (Def.'s Mot. Summ. J. Ex. 15.) Thus, these females are not sufficiently similarly situated to serve as comparators.

The fourth female identified by Plaintiff as a comparator was involved in a collision during her 90-day probationary period. However, this female was, in fact, terminated due to her vehicle accident. (Def.'s Mot. Summ. J. Ex. 16.) While she subsequently obtained reinstatement with the postal service through an action initiated by the union (Def.'s Mot. Summ. J. Ex. 16),

4

she was not given preferential treatment after her accident—rather, she was treated the same as Plaintiff. Thus, this fourth female is also not an appropriate comparator.

Furthermore, even if this female had not been fired due to her collision while on probation, she still would not be an appropriate comparator because this incident occurred in 1985 and Mike Ramirez was not the supervisor at that time. Because different supervisors were involved, Plaintiff and this female were not in "nearly identical" circumstances. *See Wyvill v. United Companies Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000) (noting that the decision-makers who disciplined plaintiff were different from the decision-makers who disciplined the comparator, and that that fact, among others, made the comparator not "nearly identical").

Because Plaintiff has not proven that any similarly situated individuals outside the protected class were treated more favorably, he has failed to establish the requisite *prima facie* case of discrimination.

## V. Conclusion

Defendant's motion for summary judgment must be **GRANTED**. This case is therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**SIGNED** this 5th day of June, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT